IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAVIER SANTACRUZ-DIAZ,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF MCCOOK DETENTION CENTER, TODD BLANCHE, U.S. Attorney General, United States, in his official Capacity; MARKWAYNE MULLIN, Secretary, Department of Homeland Security, in his official Capacity; TODD M. LYONS, Acting Director of U.S. Immigration & Customs Enforcement, in his official Capacity; and ALLEN GILL, Field Office Director, ICE Omaha, in his official Capacity;<br><br>Respondents. | **8:26CV426**<br><br>**ORDER TO SHOW CAUSE** |

On August 12, 2026, through counsel, Petitioner Javier Santacruz-Diaz, a Mexican citizen, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Filing 1 at 1; Filing 1 at 2 (¶ 1). The Petition challenges "(1) the legality of the arrest through which Respondents obtained custody over him under 8 U.S.C. § 1357(a)(2), and (2) the constitutionality of his continued detention without any individualized determination that such detention is necessary." Filing 1 at 1.

In § V.A. of his Petition, Santacruz-Diaz asserts a claim that "Respondents Failed to Comply with 8 U.S.C. § 1357(a)(2)." Filing 1 at 4. He alleges,

> 15. Section 1357(a)(2) authorizes immigration officers to make a warrantless arrest only if two independent statutory requirements are satisfied.
>
> 16. First, the officer must have reason to believe the individual is present in violation of the immigration laws.
>
> 17. Second, the officer must have reason to believe the individual is "likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2).

Filing 1 at 4 (¶¶ 15–17). Santacruz-Diaz then alleges

> 27. Because Respondents identify no facts satisfying the second statutory requirement imposed by § 1357(a)(2), Petitioner's arrest was not conducted in the manner prescribed by Congress.
>
> 28. Petitioner's continued detention therefore violates the Immigration and Nationality Act and is unlawful under 28 U.S.C. § 2241(c)(3).

Filing 1 at 6 (¶¶ 27–28).

In § V.B. of his Petition, Santacruz-Diaz asserts a claim that "Petitioner's Continued Detention Violates the Due Process Clause of the Fifth Amendment." Filing 1 at 6. He alleges that neither *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), nor *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), forecloses application of the three-part test in *Mathews v. Eldridge*, 424 U.S. 319 (1976), for determining whether detention violates due process. Filing 1 at 7 (¶¶ 35–37). He then applies the *Mathews* test to support his claim that his continued detention violates due process. Filing 1 at 8–10 (¶¶ 40–57).

Santacruz-Diaz prays for extensive relief, including "[o]rder[ing] Respondents to immediately release Petitioner from custody." Filing 1 at 10 (Prayer, ¶ D).[1] However, he does not pray in the alternative for an individualized determination that such detention is necessary. *Compare* Filing 1 at 1 (stating his second challenge as to "the constitutionality of his continued

---

[1] Santacruz-Diaz prays that the Court will do the following:

> A. Issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241;
>
> B. Declare that Petitioner's arrest and continued detention violate 8 U.S.C. § 1357(a)(2);
>
> C. Declare that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment;
>
> D. Order Respondents to immediately release Petitioner from custody;
>
> E. Order that Petitioner's release occur as soon as practicable, but no later than forty-eight (48) hours after entry of the Court's Order; and
>
> F. Award such other and further relief as the Court deems just and proper.

Filing 1 at 10 (Prayer, ¶¶ A–F).

detention without any individualized determination that such detention is necessary"), *with* Filing 1 at 10 (Prayer, requesting no such determination).

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). The writ does not extend to a prisoner unless he or she falls into one of the categories listed in § 2241(c), including *inter alia* that the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus '*may* be granted.'" *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

As to the applicable procedure for habeas actions, 28 U.S.C. § 2243 provides as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

It is not clear from Santacruz-Diaz's Petition that he is not entitled to any relief at all. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). That said, the Court declines to "forthwith award the writ" based on no more than Santacruz-Diaz's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* The Court will set a time frame for Respondents to "make a return certifying the true cause of the detention." *Id.* The Court finds good cause, based on the circumstances and allegations presented, to allow Santacruz-Diaz a very short time for a written reply after Respondents make their Returns but before any hearing. 28 U.S.C. § 2243 (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). The Court will wait until it has reviewed the parties' briefs to decide whether or not to set a date and time for any show-cause hearing. *See*

*Ruiz v. Norris*, 71 F.3d 1404, 1406–07 (8th Cir. 1995) (explaining that "an evidentiary hearing [in a habeas case] is unnecessary and not required in cases 'where the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted'" (quoting *Amos v. State*, 849 F.2d 1070, 1072 (8th Cir. 1988))).

Accordingly,

IT IS ORDERED that

1. Petitioner Santacruz-Diaz shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

2. Respondents shall make a return certifying the true cause of Santacruz-Diaz's detention and why his Petition should not be granted not later than three business days after receiving Santacruz-Diaz's Petition and this Order to Show Cause;

3. Petitioner Santacruz-Diaz shall have three business days after Respondents file their return(s) to file any reply; and

4. Upon the filing of Respondents' return(s) and Santacruz-Diaz's reply, the Court will determine whether or not to set a hearing on this matter prior to disposition.

Dated this 14th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge